OPINION
Frank J. Ellington appeals from a judgment of the Montgomery County Court of Common Pleas, which found him guilty of possession of cocaine. Ellington had pled no contest after the trial court refused to suppress evidence obtained as a result of a traffic stop.
The undisputed facts are as follows.
On February 26, 1998, Dayton police officers were conducting surveillance outside an apartment building at 2215 Germantown Street, a building known to the police for drug activity. At approximately 9:00 p.m., Officer David L. House saw a woman enter the building and heard her yell that the police were outside. Soon thereafter, twenty-five to thirty people exited the building. Ellington and two other individuals who had come out of the building ran to an Oldsmobile parked near Officer House. While the other two men got into the car, Ellington stood outside the passenger door yelling to a fourth man to "Hurry up. The police are coming." When the fourth man arrived at the car, he and Ellington got into the car, and the driver pulled away from the curb without using his turn signal. Ellington was seated in the front passenger seat.
Officer House radioed to Officer Joseph Weisman that the driver of the Oldsmobile had not used his turn signal. Officer Weisman spotted the vehicle, pulled behind it as it turned onto Dennison Street, and activated his siren and overhead lights. The car proceeded for a full block before stopping, during which time one rear seat passenger watched the police cruiser, the other rear seat passenger slid out of sight, and Ellington lifted himself up in his seat as if he were hiding drugs or a weapon. Movement continued in the car after it had stopped.
Based on the movement in the car and his knowledge of the building from which the men had fled, Officer Weisman and other officers who arrived at the scene feared for their safety. The men were ordered from the car, and Officer Weisman conducted a pat down search of Ellington. In the course of the search, Officer Weisman felt a large, jagged, rock-like object in Ellington's groin area, and it was immediately apparent to the officer that the substance was crack cocaine. Officer Weisman's suspicion was confirmed when the object was removed. Ellington was arrested for possession of cocaine and was cited for a seat belt violation.
On March 5, 1998, Ellington was indicted on one count of possession of crack cocaine in excess of ten grams but not exceeding twenty-five grams in violation of R.C. 2925.11(A). He pled not guilty and subsequently filed a motion to suppress the evidence obtained from him. The trial court overruled Ellington's motion to suppress, and Ellington changed his plea to no contest. Ellington was found guilty on July 30, 1998. He was sentenced to three years of incarceration, and his driver's license was suspended.
Ellington appeals based on the denial of his motion to suppress, asserting one assignment of error.
 THE TRIAL COURT ERRED IN NOT SUPPRESSING THE EVIDENCE ILLEGALLY FOUND ON APPELLANT WHEN THE SEARCH WAS THE PRODUCT OF AN ILLEGAL STOP WHICH VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO BE FREE FROM ILLEGAL SEARCH AND SEIZURE.
Ellington contends that the search of his person following the traffic stop violated his Fourth Amendment rights. Specifically, Ellington claims that the alleged basis for the stop, the driver's failure to signal when pulling away from the curb, did not violate R.C.G.O. 71.31 as Officer Weisman claimed.
We do not reach the issue of whether Dayton Ordinance 71.31 authorized the traffic stop in this case because we find that the police officers had a reasonable, articulable suspicion justifying the traffic stop apart from any traffic violation. The United States Supreme Court has held that a police officer may effectuate a stop based on a reasonable, articulable suspicion not rising to the level of probable cause when he believes, based on the totality of the circumstances, that criminal activity is afoot.Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. See, also,State v. Bobo (1988), 37 Ohio St.3d 177, 179-180; State v.Beasley (Feb. 13, 1998), Montgomery App. No. 16549, unreported. In making this determination, an officer may rely upon a person's suspicious activity, the character of the area as a high crime area, the officer's experience with similar types of situations, and his training. Bobo, supra, at 179. The undisputed facts of this case leave little doubt that Ellington had behaved suspiciously. Along with numerous other people, Ellington had fled from a known drug house and then from the scene upon being alerted that the police were present. Under these circumstances, a police officer would have reasonably suspected that Ellington had been engaged in criminal activity.
Although Ellington points out that the state did not attempt at trial to justify the traffic stop based on Officer House's reasonable, articulable suspicions, and the trial court did not reach this issue, these facts do not preclude us from considering an alternate justification for the stop. Where the historical facts are not in dispute, an appellate court may consider the reasonableness of a stop de novo, Ornelas v. United States (1996),517 U.S. 690, 116 S.Ct. 1657, 1662. Moreover, we may affirm a correct judgment for reasons different from those upon which the trial court based its decision. See Parton v. Weilnau (1959),169 Ohio St. 145, 170-171; State v. Melvan (1992), 80 Ohio App.3d 443,449.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and KERNS, J., concur.
(Hon. Joseph D. Kerns sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)